THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIKE E. LEPPALA,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, *Acting Commissioner of Social Security*,<br><br>        Defendant. | CASE NO. C12–0964–JCC<br><br>ORDER |

The Court, having reviewed Plaintiff's Complaint (Dkt. No. 1–2), the Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida (Dkt. No. 17), Plaintiff's objections (Dkt. No. 19), and the remaining record, hereby ADOPTS the Report and Recommendation with modifications as explained herein.

I.    **BACKGROUND**

Plaintiff's applications for disability insurance benefits and supplemental security income were denied at the initial level and on reconsideration. Following a hearing on February 25, 2011, the administrative law judge ("ALJ") found Plaintiff not disabled and denied benefits. The Appeals Council thereafter denied Plaintiff's request for review on March 23, 2012.

Plaintiff sought review of the Commissioner's decision in this Court. In a report submitted on February 6, 2013, Magistrate Judge Tsuchida recommended reversing and remanding the matter for further administrative proceedings pursuant to sentence four. Plaintiff

timely submitted objections to Judge Tsuchida's report. (Dkt. No. 19.) Defendant filed a response with no substance, merely requesting that the Commissioner's findings regarding Plaintiff's physical RFC and credibility be affirmed.

## II.   DISCUSSION

The Court must make a *de novo* determination of those portions of a magistrate judge's report or recommendations to which a party timely objects. 28 U.S.C. § 636(b)(1).

### A.   Plaintiff's Physical RFC

In his first objection, Plaintiff requests that the Court decline to affirm the ALJ's finding that Plaintiff has the residual functional capacity for light work "even when the Report and Recommendation finds that the evidence shows that he is limited to sedentary work." (Dkt. No. 19.) As Plaintiff notes, the Report and Recommendation finds that the ALJ misinterpreted the opinion of the State Agency Medical Consultant, who *actually* found that Plaintiff was limited to sedentary work rather than light work. Further, Plaintiff explains, the "Report and Recommendation appears to find that the ALJ erred when he found Plaintiff had the residual functional capacity for light work rather than sedentary work," and "affirm[ed] the ALJ's finding Mr. Leppala [*sic*] had the physical RFC to perform sedentary work." (Dkt. No. 17 at 8.) However, according to Plaintiff, the ALJ never found that Mr. Leppala had the physical RFC to perform sedentary work, and thus expresses the concern that "affirming the ALJ's RFC finding" is actually affirming the "light work" determination. Finally, Plaintiff reasons, the "ALJ's determination that Plaintiff could perform light, rather than sedentary work is not harmless error." (Dkt. No. 19 at 3.)

The Court believes that Plaintiff misreads the Report and Recommendation. In its conclusion, the R&R recommends that this Court affirm the ALJ's findings as to Mr. Leppala's "physical or exertional RFC . . . [a]s discussed above[.]" (Dkt. No. 17 at 15.) As the Report and Recommendation discusses to some extent, and which Plaintiff recognizes, Judge Tsuchida recommends finding that the ALJ *erred* in concluding that Mr. Leppala had a physical RFC for

"light work" (Dkt. No. 17 at 8) based on the erroneous interpretation of Dr. Hoskin's opinion. Instead, the R&R affirmed the ALJ's alternative holding that Plaintiff could have a physical RFC of "sedentary work" but is nonetheless "not disabled" because jobs within that category exist that Plaintiff could perform.

To the extent that the R&R is not clear, this Court finds that the ALJ erred in concluding that Plaintiff had the RFC to complete "light work." Instead, the evidence, as discussed in the R&R, only supports a finding that Plaintiff had the RFC for "sedentary work." On remand, the ALJ is directed to assume that Plaintiff's RFC is limited to sedentary work in any future proceedings. However, the Court overrules Plaintiff's objection to the extent that he seeks an order directing the ALJ to reconsider Plaintiff's physical RFC and to re-conduct the step-five analysis. As the R&R explained, the ALJ's error in reaching the "light work" RFC conclusion was harmless given the alternative step-five holding, which Plaintiff has not seriously challenged. This Court agrees with that analysis, and accordingly declines to remand the instant matter on this basis. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (Ninth Circuit adheres "to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'") (collecting cases). Plaintiff's objection is accordingly overruled to the extent that he requests a remand for reconsideration of his physical RFC.

### B. The ALJ's Credibility Findings

Plaintiff next objects to the magistrate judge's conclusion that the ALJ did not err in evaluating Plaintiff's credibility with regard to Plaintiff's "social functioning." (Dkt. No. 19 at 5–8.) A claimant alleging disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Smolen v. Chater*, 80 F.3d 1273, 1281–82 (9th Cir. 1996) (citing *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986)). If the claimant meets that test, the ALJ may reject testimony regarding the severity of the claimant's symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *Id.* at 1284. The ALJ

may assess the claimant's credibility using traditional techniques; for example, an ALJ may discount a claimant's testimony based on his or her "reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Dkt. No. 11–2 at 19.) Nonetheless, the ALJ discounted Mr. Leppala's testimony for five reasons: (1) the medical evidence did not corroborate his allegations and examination findings demonstrated some physical limitations, but not to the degree of disability; (2) Mr. Leppala's stated need for a cane was not supported by medical documentation; (3) Mr. Leppala helped his son build a gazebo and stated that he could perform daily living activities with the help of pain medication; (4) Mr. Leppala was not fully forthcoming about his substance abuse; and (5) Mr. Leppala received employment benefits during the first quarter of 2010, which the ALJ found to be inconsistent with Mr. Leppala's claim of disability since January 2010. (*See* Dkt. No. 17 at 10–14.)

Judge Tsuchida concluded that substantial evidence supported the ALJ's decision to discount Mr. Leppala's testimony based on the first and fourth findings, namely that Mr. Leppala's testimony was inconsistent with medical evidence; that Mr. Leppala could manage his pain with appropriate opiate medications; and that Mr. Leppala was not fully forthcoming about his substance abuse when he lied to his doctor about his drug use in the month he became disabled. (Dkt. No. 17 at 12–14.) Judge Tsuchida also noted that "the record shows that after his onset date, Mr. Leppala continued to use methadone into 2011 even though he testified he has been absolutely clean since 2009." (*Id.* at 14.) To support this, the R&R states that "[i]n March 2011 [Mr. Leppala] was admitted to St. Joseph Hospital after a drug overdose and told the medical staff he was using 'street available methadone,' (Tr. 617) a statement which was

confirmed by a drug screen the hospital performed. Tr. 606." (*Id.*)

Plaintiff objects to Judge Tsuchida's conclusion that while some reasons were improper, the ALJ's credibility finding is ultimately supported by substantial evidence. Specifically, Plaintiff acknowledges that he lied to his doctor in January 2010 about his recent methadone use, and merely "requests that the Court find that this single untruth, is not a clear and convincing reason for rejecting Plaintiff's testimony." (Dkt. No. 19 at 7.) Further, Plaintiff argues that Judge Tsuchida's conclusion that the ALJ properly rejected his testimony because the record shows that opiate medications were relieving his pain was improper, because "based on the entire note," upon which the ALJ and R&R relied to conclude that Plaintiff's pain was relieved through opiates, it is clear that Plaintiff "reported a sedentary lifestyle, which was entirely consistent with his testimony." (*Id.*) Finally, Plaintiff corrects errors in the R&R's record citations, explaining that "[t]he record does not show that Plaintiff was using street available methadone at the time of his hospitalization [in March 2011], but that he had done so in the past." Plaintiff also notes that "the drug screen cited by the Report and Recommendation is negative for methadone[,]" and that "the ALJ did not find that Plaintiff used methadone after January 2010." (*Id.*)

The Court overrules Plaintiff's objections to the R&R's conclusion and affirms the ALJ's credibility determination. Plaintiff's first objection—that the "single untruth" when Plaintiff lied to his doctor about his methadone use is not a clear and convincing reason for discounting testimony—is simply without merit. First, while it was the only lie to which the ALJ pointed, it was not the only valid reason for discounting Mr. Leppala's testimony. Thus, to argue that his testimony cannot be discounted on this basis alone misses the point—the ALJ provided numerous reasons for discounting Mr. Leppala's testimony, multiple of which were valid. *See Molina*, 674 F.3d at 1115 (recognizing rule that error is harmless "where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record.") (citations omitted).  Because there was substantial evidence to support the finding that Mr. Leppala lied to his doctor in the month of his disability onset, the

ORDER
PAGE – 5

ALJ was justified in relying on this basis, among others, to discount Mr. Leppala's testimony.

Second, Plaintiff's argument regarding the fact that Mr. Leppala's pain was managed with appropriate medication is similarly without merit. As Judge Tsuchida properly noted when Plaintiff raised this argument in the initial briefing, Plaintiff does not dispute that his pain could be managed, but merely asks the Court to "reweigh the evidence and adopt Mr. Leppala's interpretation of the evidence that his pain management was worse than the ALJ found." (Dkt. No. 17 at 12.) The Court is not inclined to do so. The ALJ was presented with the evidence, weighed it, and made appropriate findings. Judge Tsuchida was correct to conclude that this was a proper basis upon which to discount Mr. Leppala's testimony.

However, the Court agrees with Mr. Leppala that the R&R erroneously states that Mr. Leppala had used "street available methadone" in 2011 after his onset date, and that he had tested positive for methadone at that time. (Dkt. No. 17 at 14.) As Plaintiff properly notes, the record does not indicate that Plaintiff used "street available methadone" in 2011—rather, it only states that he had used it at some point in the past. (Dkt. No. 19 at 8 (citing Tr. 616–17).) Further, the drug screen to which the R&R cites does not, in fact, confirm Mr. Leppala's use for methadone, but instead indicates that he tested "negative" for such use. (Dkt. No. 19 at 8 (citing Tr. 606, 616–17).) Accordingly, this was not a valid reason for discounting Mr. Leppala's testimony, and the Court does not adopt that portion of the R&R. (*See* Dkt. No. 17 at 14 ¶¶ 7–11.) With the exception of this modification, however, the Court overrules Plaintiff's objection to Judge Tsuchida's recommendation and affirms the ALJ's decision to discount Mr. Leppala's testimony.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court hereby ADOPTS the Report and Recommendation (Dkt. No. 17) with the modifications explained herein. The Commissioner's decision is REVERSED and the case is REMANDED to the Social Security Administration for further proceedings consistent with this Order and the Report and Recommendation. The Clerk is

1 | respectfully directed to send copies of this Order to the parties and to Judge Brian. A. Tsuchida.

2 | DATED this 16th day of April 2013.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 7